PD-1455-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/23/2015 12:00:00 AM
Accepted 11/23/2015 11:02:03 AM
ABEL ACOSTA
CLERK

# NO. PD-1455-15

In The
Court of Criminal Appeals
Of The State of Texas

Austin, Texas

---

# KELVIN LEE ROY,

Petitioner

vs.

THE STATE OF TEXAS,

---

# PETITION
# FOR
# DISCRETIONARY REVIEW

---

Petition in Cause No. B-140221-R
from the 163rd District Court of Orange County, Texas,
and
Cause No. 09-14-00367-CR
Court of Appeals
for the Ninth District of Texas

---

Dustin Galmor
Attorney for Petitioner
485 Milam
Beaumont, TX 77701
Texas State Bar #24057525
Email: dustin@galmorstovall.com
Tel: (409) 832-7757
November 21, 2015

FILED IN
COURT OF CRIMINAL APPEALS

November 23, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

(a.)    Kelvin Lee Roy, petitioner

(b.)    Christine R. Brown-Zeto, counsel for petitioner on direct appeal.

(c.)    Malachi Daws, counsel for petitioner at trial

(d.)    Krispin Walker, counsel for the State, in the trial of this cause and on appeal

(e.)    The State of Texas

(f.)    Dennis Powell, Judge Presiding at trial

(g.)    Dustin Galmor, counsel for petitioner for petition for discretionary review

/s/Dustin Galmor
Attorney of Record for Petitioner

i

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUBJECT INDEX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**GROUND FOR REVIEW ONE**: The Court of Appeals erred in holding that the trial court properly denied petitioner's request for an instruction on the lesser – included offense of manslaughter. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

**Page**

## CASES

*Arellano v. State*, 54 S.W.3d 391, 393 (Tex. App.—Waco 2001) . . . . . . . . . . . 10

*Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997) . . . . . . . . . . . . . 6

*Arnold v. State*, 234 S.W.3d 664, 671 (Tex. App.—Houston [14th Dist.] 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Beck v. Ala.*, 447 U.S. 625, 637 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985) . . . . . . . . . . . . . . . . 8

*Bignall*, 887 S.W.2d at 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Cavazos v. State,* 382 SW.3d 377 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . 5

*Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . 8

*Lewis v. State*, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975)) . . . . . . . . . . . . . 10

*Lopez v. State*, 731 S.W.2d 682 (Tex. App.--Houston [1st Dist.] 1987), rev'd on other grounds, 779 S.W.2d 411 (Tex. Crim. App. 1989) . . . . . . . . . . . . . . . . . . . . . . 10

*Mancha v. State*, 2011 Tex. App. LEXIS 2846, 7-8, 2011 WL 1441864 (Tex. App. Corpus Christi Apr. 14, 2011)(Not designated for publication) . . . . . . . . . . . . . . 6

*Mathis*, 67 S. W.3d at 925 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . 6

*O'Brien v. State*, 89 S.W.3d 753 (Tex. App.—Houston [1st Dist.] 2002) . . . . . . 13

*Rodriguez v. State*, 2006 Tex. App. LEXIS 2316, 2006 WL 772858 (Tex. App. Dallas Mar. 28, 2006)(Not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . 9

*Rodriguez v. State*, 834 S.W.2d 488 (Tex. App.—Corpus Christi 1992) . . . . . . . 10

*Ross v. State*, 861 S.W.2d 870, 875 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . 6

*Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) . . . . . . . . . . . 6, 8

*Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997) . . . . . . . . . . . . . 9

*Sweed v. State*, 351 SW.3d 63 (Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . 5

*Trepanier v. State*, 940 S.W.2d 827 (Tex. App.—Austin 1997) . . . . . . . . . . . . . 10

*Wesbrook v. State*, 29 S.W.3d 103, 113-14 (Tex. Crim. App. 2000)) . . . . . . . . . 6

**STATUTES**

Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2008) . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Pen. Code Ann. §§ 19.02, 12.32 (Vernon 1994) . . . . . . . . . . . . . . . . . . . . . 13

Tex. Pen. Code Ann. §§ 19.04, 12.33 (Vernon 1994) . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT REGARDING ORAL ARGUMENT

The grounds for review set forth in this petition concern the conflicting opinions of different appellate courts on the same point of law, conflicts with this decision and the U.S. Supreme Court decisions, and the misinterpretation of the factual bases of petitioner's complaints by the Court of Appeals, are adequately set out and oral argument is not deemed necessary.

In The

Court of Criminal Appeals

Of The State of Texas

Austin, Texas

---

**KELVIN LEE ROY,**
Petitioner

vs.

THE STATE OF TEXAS,

---

**PETITION
FOR
DISCRETIONARY REVIEW**

---

COMES NOW, Kelvin Lee Roy, petitioner herein, and petitions this Court to review the judgment affirming his conviction of murder in Cause No. 09-14-00367-CR, in the Ninth Court of Appeals, trial court no. B-140221-R in the 163rd District Court of Orange County, Texas.

1

## STATEMENT OF THE CASE

Petitioner was convicted of murder after a jury trial upon his plea of not guilty and sentenced to 75 years imprisonment. This conviction was affirmed by the Court of Appeals, Ninth District, on August 26, 2015. A copy of said opinion is appended hereto as Appendix A.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its opinion affirming the conviction on August 26, 2015. On September 11, 2015, petitioner filed his *pro se* motion for an extension of time to file a motion for rehearing. On that same date, the Ninth Court of Appeals granted an extension of time to file a motion for rehearing until October 12, 2015. No motion for rehearing was filed. On November 9, 2015, petitioner, by and through the undersigned counsel, filed a motion in this Court requesting an extension of time to file a petition for discretionary review. On November 10, 2015, this Court granted the motion and extended the time for the filing of a petition for discretionary review to November 25, 2015. This timely petition is filed with the clerk of the Court of Criminal Appeals on or before the filing deadline, to-wit: on November 21, 2015.

**GROUNDS FOR REVIEW**

**GROUND FOR REVIEW ONE**:  The Court of Appeals erred in holding that the trial court properly denied petitioner's request for an instruction on the lesser – included offense of manslaughter.

Petitioner contended before the Court of Appeals that  the trial court erred in denying his requested instruction regarding the lesser – included offense of manslaughter.  Petitioner filed a written request for the lesser – included charge but the request was denied by the trial court. RR.VI-113 – 114 ; RR.[Supp.]-Court's Exhibit 1]. The Court of Appeals discussed the evidence including ample evidence that petitioner drove in an extremely reckless manner while under the influence of alcohol and drugs, driving in 2 lanes, almost striking the side of the freeway and other vehicles, driving at a high rate of speed, failing to attempt to avoid other vehicles, and driving "crazy", ultimately crashing into another vehicle and causing a death of a passenger therein.  Courts opinion, page 2.  An investigating officer testified that petitioner's "erratic driving was consistent with a person driving while intoxicated but was also consistent with a person intending to cause an accident." Courts opinion page 4.   The Court's opinion even reflects petitioner's testimony that he acted recklessly.   Courts opinion, page 5.  Despite these facts, the trial court denied

3

petitioner's written request for a jury instruction regarding the lesser – included offense of manslaughter. Petitioner contends that the failure to instruct the jury regarding the lesser – included offense of manslaughter was reversible error and the Court of Appeals erred in affirming the conviction.

## ARGUMENT

The reasons compelling review by this Court are several. The decision of the Court of Appeals holding that the petitioner was not entitled to his requested jury charge on the lesser – included offense of manslaughter conflicts with decisions of other appellate courts, the same appellate court, and with applicable decisions of this Court and the United States Supreme Court. The Court of Appeals has in effect decided an important question of State law which should be settled by this Court of Criminal Appeals. Petitioner complained in the Court of Appeals that the trial court committed reversible error by denying his request for a jury instruction as to the lesser – included offense of manslaughter. That complaint was erroneously overruled by the Court of Appeals.

The significance of instructions as to lesser – included offenses was set out long ago by the United States Supreme Court in *Beck v. Ala.*, 447 U.S. 625, 637 (1980):

"While we have never held that a defendant is entitled to a lesser

4

included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this. For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense -- but leaves some doubt with respect to an element that would justify conviction of a capital offense -- the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction."

The Ninth Court of Appeals has made that inevitable risk of an unwarranted conviction into a reality in this case. The Court of Appeals correctly noted that this Court has held that manslaughter is a lesser – included offense of murder. *Cavazos v. State,* 382 SW.3d 377 (Tex. Crim. App. 2012). It is in the second part of the analysis where the Court of Appeals went awry. The court recognized the second part of the analysis to rest upon a determination of whether there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser – included offense. *Sweed v. State*, 351 SW.3d 63 (Tex.

5

Crim. App. 2011). In addressing this standard, another appellate court described the standard in *Mancha v. State*, 2011 Tex. App. LEXIS 2846, 7-8, 2011 WL 1441864 (Tex. App. Corpus Christi Apr. 14, 2011)(Not designated for publication):

> "The second step of the Aguilar/Rousseau test requires an evaluation of the evidence to determine whether there is some evidence that would permit a jury to rationally find that the defendant is guilty only of the lesser offense. *Mathis*, 67 S. W.3d at 925 (citing *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *Rousseau*, 855 S.W.2d at 672)). 'In other words, there must be some evidence from which a jury could rationally acquit the defendant of the greater offense while convicting him of the lesser-included offense.' Id. (citing *Moore,* 969 S.W.2d at 8). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. Id. (citing *Wesbrook v. State*, 29 S.W.3d 103, 113-14 (Tex. Crim. App. 2000)); see also *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997).
>
> "The only difference between murder and manslaughter is the mental state required. *Ross v. State*, 861 S.W.2d 870, 875 (Tex. Crim. App. 1992) (en banc). Murder is statutorily defined as

6

intentionally or knowingly causing the death of an individual. Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2008). A person acts intentionally, or with intent, with respect to the nature of his conduct, or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result. Id. § 6.03(a). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Id. §6.03(b). In contrast, manslaughter is defined as recklessly causing the death of an individual. Id. § 19.04(a). A person acts recklessly or is reckless with respect to circumstances surrounding his conduct, or the result of his conduct, when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or the result will occur. Id. §6.03(c); *Arnold v. State*, 234 S.W.3d 664, 671 (Tex. App.—Houston [14th Dist.] 2007, no pet.)."

The Court of Appeals relied primarily upon a portion of petitioner's testimony that he was unaware of the result of his conduct in justifying the denial of the instruction. As this Court has held, regardless of the source of the evidence and even if the testimony of the defendant is contradictory, if there is some evidence

7

directly germane to a lesser – included offense, an instruction is warranted. In *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998), this Court stated at page 257:

"We disagree with the State's argument. This Court analyzes the issue of lesser included offenses in terms of determining whether there is any evidence in the record from any source to indicate if appellant was guilty, he was guilty only of the lesser included offense. 'Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.' *Bignall*, 887 S.W.2d at 23; and cases cited therein. If there is evidence within a defendant's testimony which raises the lesser included offense, it is not dispositive that this evidence does not fit in with the larger theme of that defendant's testimony. Id. **Whether there is evidence, within or without the defendant's testimony, which raised the lesser included offense controls the issue of whether an instruction on the lesser included offense should be given.**

"It does not matter whether the evidence was admitted by the State or the defense. It does not matter if the evidence was strong or weak, unimpeached or contradicted. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); and *Bell v. State*, 693

8

S.W.2d 434, 442 (Tex. Crim. App. 1985). The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side. *Bignall*, 887 S.W.2d at 24; and cases cited therein. So long as there is some evidence which is 'directly germane' to a lesser included offense for the factfinder to consider, then an instruction on the lesser included offense is warranted. *Bignall,* id; and *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)." [Emphasis added].

The evidence was amply sufficient for the jury to have convicted petitioner of manslaughter. In a similar fact situation, a driver who had consumed alcohol and drugs and thereafter drove with extreme recklessness and caused a death in a collision was convicted of manslaughter. There was evidence that that defendant claimed he did not know what happened in the collision, just as the evidence established in the case *sub judice*. In *Rodriguez v. State*, 2006 Tex. App. LEXIS 2316, 2006 WL 772858 (Tex. App. Dallas Mar. 28, 2006)(Not designated for publication), the court addressed the sufficiency of the evidence to support the manslaughter conviction despite evidence that the defendant was unaware of his actions:

"**Appellant told her he did not know what happened but that he ran**. When she told him she was calling the police, he kicked

9

the phone jack out of the wall. He began packing his things like he was moving out, then he passed out on the couch. Alaniz went to a neighbor's house and called the police. On cross-examination, Alaniz testified appellant told her he was the driver but she did not know anything else about the wreck."   [Emphasis added.]

Similarly, the fact that petitioner was under the influence of alcohol and drugs and was unaware of what was happening, does not mean he did not engage in reckless conduct that warranted the instruction.   There are numerous examples in which reckless driving that causes a death has been held to be sufficient to support a conviction of manslaughter. *Trepanier v. State*, 940 S.W.2d 827 (Tex. App.—Austin 1997); *Lopez v. State*, 731 S.W.2d 682 (Tex. App.--Houston [1st Dist.] 1987), rev'd on other grounds, 779 S.W.2d 411 (Tex. Crim. App. 1989); *Rodriguez v. State*, 834 S.W.2d 488 (Tex. App.—Corpus Christi 1992).   One appellate court summed up the gravamen of reckless conduct in cases involving vehicular deaths in *Arellano v. State*, 54 S.W.3d 391, 393 (Tex. App.—Waco 2001):

"'At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct.' *Trepanier v. State*, 940 S.W.2d 827, 829 (Tex. App.--Austin 1997, pet. ref'd) (citing *Lewis v. State*, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975))."

10

The record amply established that appellant consciously drove "crazy" while under the influence of alcohol and drugs. His own testimony, noted but ignored by the Court of Appeals on page 5 of the opinion, also established that he *admitted knowing the risks* of drinking and driving as well as smoking marijuana and driving, but nevertheless *chose to drive*. Petitioner testified to facts, in addition to the overall evidence presented before the jury, that supported an instruction on the lesser – included offense of manslaughter, as reflected at at RR.VI-59:

"Q[Defense Counsel]:     okay, sir. What do you believe caused

this wreck?

A[Petitioner]:     I believe it was the effects from the P.C.P.

Q.     And before that night, did you know the risks that were

created by drinking and driving?

A.     Yes, sir, I did.

Q.     Did you know the risks that were created by smoking

marijuana and driving?

A.     Yes.

Q.     Did you know the risks that were created by smoking

P.C.P. and driving?

A.     Yes, sir.

11

Q. Okay. Nevertheless, despite knowing these risks, did you still decide to do these drugs and drive?

A. Yes, sir.

Q. Do you take responsibility for the death of Alexandria Bertrand?

A. Yes, I do.

Q. Do you consider your actions reckless that night?

A. Yes.

Q. Nevertheless, did you ever had any intent to injure anyone ?

A. No."

That testimony alone could have convinced a juror that he consciously disregarded the risk created by his conduct, even if he could not recall it later. The opinion of the Court of Appeals even defies logic in its holding. The Court of Appeals affirmed the sufficiency of the evidence that petitioner intentionally caused serious bodily injury and intentionally committed an act clearly dangerous to human life in order to support the conviction of murder, but then found there was no evidence that he was conscious enough to disregard the risk from his conduct. In essence, the Court of Appeals found the evidence sufficient for intentional conduct

12

but not for a conscious disregard of the risk of his conduct, a completely irreconcilable conflict regarding *mens rea*. The totality of the evidence overwhelmingly raised the issue of reckless conduct warranting the instruction.

The harm accruing to petitioner by the failure to properly instruct the jury is apparent from his 75 year sentence. In *O'Brien v. State*, 89 S.W.3d 753 (Tex. App.—Houston [1st Dist.] 2002) the court addressed such harm at page 756:

> "The jury had two options in this case: find appellant guilty of murder or acquit him. It chose to convict him of murder and assessed punishment at 35 years' imprisonment. The range of punishment for murder is confinement for 5 to 99 years or life. TEX. PEN. CODE ANN. §§ 19.02, 12.32 (Vernon 1994). At trial, appellant requested the lesser-included offense of manslaughter, with a range of punishment of 2 to 20 years confinement. TEX. PEN. CODE ANN. §§ 19.04, 12.33 (Vernon 1994). Appellant was harmed because the jury was not given the opportunity to find him guilty of the lesser offense, which it could reasonably have done based on the evidence."

Identically, petitioner's punishment is imprisonment for 55 more years than would have been permissible had the jury elected to convict him of the lesser –

13

included offense of manslaughter with a proper instruction. The harm from the failure to instruct the jury regarding manslaughter is therefore apparent and severe.

The decision of the Court of Appeals is therefore in conflict with the decisions cited above and additionally has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of this Court's power of supervision.

## PRAYER FOR RELIEF

For the reasons herein alleged, petitioner was denied a fair trial in Cause B-140221-R and Cause No. 09-14-00367-CR before the Court of Appeals. This Court should grant review in order to address and correct the errors of the Court of Appeals. Therefore, petitioner prays that this Court grant this petition, and upon reviewing the judgment entered below, reverse this cause and remand it to the trial court for a new trial.

Respectfully submitted,
/s/DUSTIN GALMOR
Attorney for Appellant
Texas State Bar #24057525
485 Milam
Beaumont, TX 77701
Tel: (409) 832-7757
Fax: (888) 248-9161

14

## CERTIFICATE OF SERVICE

This is to certify that copies of the above entitled and numbered petition for discretionary review have been served on the District Attorney of Orange County, Texas, the Honorable John Kimbrough, by U.S. Mail, and the State Prosecuting Attorney, P.O. Box 12405, Austin, TX 78711, by U.S. Mail, postage pre-paid, on the date of filing hereof.

/s/DUSTIN GALMOR
Attorney for Petitioner

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies this petition complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(e).

1. Exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1)), the brief contains:

A.   2,779 words.

2. The brief has been prepared:

A. In proportionally spaced typeface using:
WordPerfect 12 in 14 point Times New Roman Font.

3. The undersigned understands that a material misrepresentation in completing this certificate, or a circumvention of the type-volume limits in Texas Rule of Appellate Procedure 9.4(e), may result in the court's striking the brief and returning same with identification of the error to be corrected.

Respectfully submitted,
/s/DUSTIN GALMOR
Attorney for Appellant
485 Milam
Beaumont, TX 77701
Tel: (409) 832-7757
Texas State Bar No. 24057525

# APPENDIX A

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-14-00367-CR

---

KELVIN LEE ROY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B-140,221-R

## MEMORANDUM OPINION

A jury convicted Kelvin Lee Roy of murder and assessed a punishment of seventy-five years in prison. In two appellate issues, Roy challenges the sufficiency of the evidence and the denial of his request for a jury instruction on the lesser-included offense of manslaughter. We affirm the trial court's judgment.

### Background

Roy was charged with the death of Alexandria Bertrand, which resulted from a vehicle collision. According to Taralynn Brown, Roy's former girlfriend,

1

Roy was driving her vehicle on the night of the offense so that she could purchase food. During the drive, Roy passed his exit, repeated words to himself, and lit a dip cigarette.[1] Brown testified that Roy was driving in two lanes and almost struck the side of the freeway and other vehicles, but Roy refused to pull over. Roy told Brown, "I'm going to kill both of us."

Christopher Morgan, Joshua Bryan, and Brittany Monroe testified that they saw Roy drive past them at a high rate of speed. Morgan and Bryan testified that Roy overcorrected and nearly struck the curb. Bryan and Monroe heard the engine revving as it sped past them. Bryan testified that "it was like whoever the driver of the car was hit the gas, because you could see the rear end of the car actually sit down[.]" Morgan, Bryan, and Monroe testified that they never saw the vehicle's brake lights. Morgan believed Roy had "[n]o intent to stop." Monroe testified that it did not appear that Roy was attempting to avoid other vehicles.

Brown testified that Roy continued driving "crazy" and that she begged Roy to stop, but that Roy accelerated and Brown recalled "flying in the air and crashing." April Bertrand testified that she and her daughter, Alexandria, were in their vehicle, stopped at a red light, when Roy struck Bertrand's vehicle. Kevin Huebel testified that he was approaching the red light when Roy flew past him and

---

[1]Roy testified that a "dip cigarette" is a cigarette dipped in P.C.P.

2

collided with Bertrand's vehicle. Bertrand testified that Alexandria was ejected from the vehicle. Huebel compared the sound of the accident to an explosion or bomb. Officer Rodney Johnson described the scene as looking like a war zone or a bomb explosion.

Victoria Andis, who heard the crash and saw Roy's vehicle fly toward her and roll to a stop, testified that Brown was screaming and trying to climb out of the vehicle's window. Andis assisted Brown, who told Andis that Roy was driving crazy, was under the influence, and was trying to kill Brown and himself. Andis smelled alcohol in the vehicle and saw drugs around the vehicle. Monica Hall, a registered nurse who stopped to help, testified that Brown told her that Roy was "under the influence." Officer Chase Alexander testified that Brown told him she thought Roy was under the influence, but she did not mention Roy trying to kill her.

Hall and Alexander testified that Roy was unconscious in his vehicle. Johnson testified that he smelled an odor of alcohol around the vehicle and that Roy was non-responsive. Officer Jesus Loredo testified that Roy was in and out of consciousness, was lethargic, and had a "wild-eyed" appearance. He testified that Roy's symptoms could be indicative of either being intoxicated or having been in an accident. Loredo also smelled a strong odor of alcohol coming from the vehicle

3

and he collected baggies of marihuana and cocaine from the area around the vehicle. Roy denied ownership of the drugs.

Bertrand testified that, at the hospital, Alexandria was pronounced brain dead. Dr. John Ralston, a forensic pathologist, explained that Alexandria suffered from a fracture at the base of her skull, hypermobility, blood in her lungs, bleeding over her brain, a spinal cord injury, and skin lacerations. He testified that Alexandria died of blunt force trauma.

Sergeant Richard Howard testified that he saw no pre-impact skid marks at the scene, which indicated an absence of braking before impact. He testified that he has seen intoxicated people involved in an accident without ever having applied the brakes. Alexander testified that Roy's erratic driving was consistent with a person driving while intoxicated, but was also consistent with a person intending to cause an accident. According to Howard, Roy's vehicle became airborne before striking the back right side of Bertrand's vehicle. Given that the battery was thrown from Roy's vehicle and the vehicle landed quite a distance from the point of impact, Howard believed the vehicle was traveling at a high rate of speed.

Roy testified that on the night of the offense, he and Brown were driving to pay someone for repairing Brown's car. He testified that Brown brought two cups of alcohol and that they drank and used marihuana in the vehicle. Brown testified

4

that she had been drinking that day, but was not intoxicated and did not use marihuana in the vehicle. She believed that Roy was intoxicated when the offense occurred. Roy's blood tested positive for benzodiazepine, phencyclidine (P.C.P.), and T.H.C. and his blood alcohol level was well below the legal limit.

According to Roy, the repairman was not at home, so he lit a dip cigarette and headed home. When he began to feel dizzy, he told Brown to take the steering wheel and attempted to pull over, but he passed out. He attributed this to the combination of drugs, marihuana, dip cigarette, and alcohol. Roy could not recall speeding down the road or the accident itself. He testified that he did not intend to speed and was unaware of what was happening when the accident occurred.

Roy admitted having a history of drug use and drug-related criminal offenses, including a conviction for assault family violence against Brown. He testified that he smoked marihuana daily, used P.C.P. maybe twice per month, and consumed alcohol once or twice per month. He admitted knowing the risks of drinking and driving, as well as smoking marihuana and driving, but he still chose to drive. Roy denied getting into an argument with Brown, becoming enraged, or threatening Brown with injury or death. He testified that he acted recklessly, but had no intent to injure anyone, including Brown, and that he accepted responsibility for Alexandria's death.

5

## Sufficiency of the Evidence

In issue one, Roy maintains that the evidence is insufficient to support his murder conviction. The "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

The indictment alleged that Roy intended to cause serious bodily injury to Brown and intentionally committed an act clearly dangerous to human life, "to wit: driving a vehicle in which the said Taralynn Brown was a passenger into another vehicle causing the vehicles to collide which said act caused the death of Alexandria Bertrand[.]" *See* Tex. Penal Code Ann. § 19.02(b)(2) (West 2011). On

6

appeal, Roy maintains that the evidence is insufficient to prove murder because, according to Roy, he was intoxicated and lacked any intent to harm or kill Brown.

"Circumstantial evidence alone is sufficient to establish guilt[]" and intent may be inferred from circumstantial evidence such as the appellant's acts, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 49-50 (Tex. Crim. App. 2004). In this case, the jury heard testimony that Roy was driving erratically on the night of the offense. Brown testified that Roy expressly stated that he intended to kill both himself and Brown. Andis testified that Brown also told her that Roy intended to kill them both. Witnesses testified that Roy's vehicle accelerated and no brake lights were ever seen. The jury heard witnesses testify that Roy appeared to have no intent to either stop or avoid other vehicles. Sergeant Howard testified that the absence of pre-impact skid marks indicated that Roy's vehicle had not braked before impact. Howard believed that Roy's vehicle had been traveling at a high rate of speed. The jury heard evidence suggesting that the manner in which Roy was seen driving was consistent with a person driving with the intent to cause harm. Additionally, the record contains evidence demonstrating that Roy had intentionally harmed Brown in the past.

As sole judge of the witnesses' credibility and the weight of their testimony, the jury bore the burden of resolving any conflicts in the evidence. *See Jackson*,

443 U.S. at 318-19; *see also Hooper*, 214 S.W.3d at 13. In doing so, the jury was entitled to reject Roy's version of the events leading up to the offense and to accept Brown's testimony that Roy intended to kill her. Based on the evidence presented at trial, the jury could reasonably infer Roy's intent to cause serious bodily injury to Brown and intent to commit an act clearly dangerous to human life, thereby causing Alexandria's death. *See Guevara*, 152 S.W.3d at 49-50; *see also Palafox v. State*, 484 S.W.2d 739, 743 (Tex. Crim. App. 1972) (A vehicle is not a deadly weapon, *per se*, so that intent may be presumed, but intent may be shown from all the circumstances surrounding the killing.); *see also* Tex. Penal Code Ann. § 19.02(b)(2). Viewing all the evidence in the light most favorable to the State, the jury could reasonably conclude, beyond a reasonable doubt, that Roy committed the offense of murder. *See* Tex. Penal Code Ann. § 19.02(b)(2); *see also Jackson*, 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13. We overrule issue one.

### Jury Charge

In issue two, Roy challenges the trial court's denial of his request for a jury instruction on the offense of manslaughter. He contends that the jury could have determined that he was the cause of Alexandria's death by his recklessness but not that he intended to harm Brown. The first step in our analysis is to determine whether the lesser-included offense is included within the proof necessary to

8

establish the charged offense. *Sweed v. State*, 351 S.W.3d 63, 67-68 (Tex. Crim. App. 2011). The Court of Criminal Appeals has held that manslaughter is a lesser-included offense of murder. *Cavazos v. State*, 382 S.W.3d 377, 383-84, 386 (Tex. Crim. App. 2012).

Accordingly, we proceed to the second part of the analysis, which is whether there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed*, 351 S.W.3d at 68. The record must contain some evidence that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* If evidence from any source raises a defensive issue or raises an issue that a lesser-included offense may have been committed, and an instruction is properly requested, the issue must be submitted to the jury. *Id.* at 69.

A person commits manslaughter if he recklessly causes a person's death. Tex. Penal Code Ann. § 19.04(a) (West 2011). A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c) (West 2011). According to Roy, he passed out from a combination of drug and alcohol use, was unaware of what was happening, had no control while in the vehicle, and could not remember anything after he passed out, including speeding down the highway and crashing

9

into Bertrand's vehicle. Based on Roy's own testimony, the record does not demonstrate that at the time of the offense, Roy was aware of, but consciously disregarded, a substantial and unjustifiable risk that Alexandria would die as a result of his conduct. *See id.*

"Evidence of a defendant's inability to remember causing the death of the victim does not entitle the defendant to a charge on the lesser-included offense of manslaughter[.]" *Schroeder v. State*, 123 S.W.3d 398, 401 (Tex. Crim. App. 2003). Because Roy's testimony establishes that he was unaware of the result of his conduct, the trial court properly denied Roy's request for an instruction on the lesser-included offense of manslaughter. *See id.*; *see also* Tex. Penal Code Ann. § 6.03(c). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 4, 2015
Opinion Delivered August 26, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

10